USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/14/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :     **01 CR 619(VM)**
       -against-                   :     **DECISION AND ORDER**
                                   :
FRANKLIN MINAYA,                   :
                                   :
              Defendant.           :
-----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

By motion dated August 17, 2020 and received by the Court on August 27, 2020, defendant Franklin Minaya ("Minaya") seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582"). (See Dkt. 386.) Minaya is currently serving a life sentence at USP Lewisburg, having been convicted at trial of 17 counts of an indictment charging him with racketeering, Hobbs Act robberies, narcotics conspiracy, using and carrying weapons, and murder in connection with his weapons and drug trafficking offenses. For the reasons set forth below, Minaya's motion for compassionate release is denied.

At the outset, the Court notes it need not reach Minaya's request for waiver of the exhaustion requirement. (See Dkt. 386 at 4-5.) Because Minaya's request to this Court -- dated August 17, 2020 -- was made more than 30 days from when his request was received by the warden -- June 5, 2020 -- Minaya's motion is properly before the Court. See § 3582(c)(1)(a) (defendant may move for compassionate release when he has "exhausted all

1

administrative rights," or when 30 days have lapsed since he made his request to the warden, "whichever is earlier").

Under Section 3582, the Court may reduce a defendant's term of imprisonment "if it finds that extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). While Section 3582 does not define "extraordinary and compelling," the Sentencing Commission's applicable policy statement, U.S.S.G. 1B1.13 (the "Policy Statement"), provides helpful categories and examples of when the standard has been met.[1] See U.S.S.G. 1B1.13, cmt. n.1(A)-(D). As relevant here, the Policy Statement explains that a defendant's "medical condition," for example, may qualify as an "extraordinary and compelling" reason for release where he is "suffering from a terminal illness" like "metastatic solid-tumor cancer" or "end-stage organ disease"; or his "age" may qualify where he is 65 years-old or older, "is experiencing a serious deterioration in physical or mental health," and "has served at least 10 years or 75 percent" of his sentence. Id., cmt. n.1(A), (B).

Minaya is 56 years old and suffers from (1) hypertension, (2) allergic rhinitis, (3) thalassemia, (4) vitamin D deficiency, (5)

---

[1] Although the Policy Statement predates the First Step Act's procedural changes to Section 3582, courts have nonetheless continued to consult its terms in determining whether a sentence reduction is warranted. E.g., United States v. Sattar, No. 02 CR 395, 2020 WL 3264163, at *2 (S.D.N.Y. June 17, 2020) (characterizing the Policy Statement as "helpful guidance" in considering compassionate release motion); United States v. Genovese, No. 18 CR 183, 2020 WL 4004164, at *3 (S.D.N.Y. July 15, 2020) (same).

tinea pedis, (6) benign neoplasm of unspecified kidney, (7) tooth loss, (8) vision loss, (9) blood clots in his legs, (10) acute apical periodontitis of pulpal origin, and (11) spinal issues. (Dkt. 386 at 6-7.) While the Court does not discount the seriousness of these conditions, it is not persuaded that they, either independently or taken together, rise to the level of "extraordinary and compelling" circumstances warranting compassionate release.

Minaya does not assert that as a result of these conditions he is "terminally ill" or even seriously ill. See U.S.S.G. 1B1.13, cmt. n.1(A)(i). Nor would any of these conditions create an increased risk of serious illness if Minaya contracted COVID-19. *Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020). And Minaya's age -- 56 – does not place him in the "greatest risk" age category. *Coronavirus Disease 2019 (COVID-19): Older Adults*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Aug. 16, 2020). To be sure, the CDC has noted that people with hypertension and thalassemia "might" be at an increased risk of serious illness from COVID-19. See *People With Certain Medical Conditions*, Centers

3

for Disease Control and Prevention, supra. However, the risk with respect to both of these conditions is thus far unsupported by conclusive evidence because of the "limited data" available, and it is specifically *pulmonary* hypertension that causes the potential risk, which Minaya has not asserted he has. See id. Indeed, this Court and others have denied compassionate release motions for individuals with similar or in some cases worse conditions. E.g., United States v. Riter, No. 18 CR 313, 2020 WL 3428144, at *3 (S.D.N.Y. June 23, 2020) (determining 56-year old defendant with hypertension, diabetes, obesity, and sleep apnea "failed to articulate a sufficiently extraordinary and compelling reason why his sentence should be reduced"); United States v. Williams, No. 00 CR 237, 2020 WL 4735353, at *1-2 (S.D.N.Y. Aug. 14, 2020) (explaining defendant with diabetes, high blood pressure, high cholesterol, a skin condition, and vision issues had not "demonstrated the extraordinary and compelling reasons that warrant a sentence reduction").

Further, Minaya does not contend that USP Lewisburg is unable to manage his conditions, or that the facility is particularly ill-equipped to manage the spread of COVID-19. (See Dkt. 386 at 18-19.) The Court is sympathetic to the fact that incarcerated individuals face heightened risk of infection, but notes that as of the date of this Order, USP Lewisburg reports that no inmates and only eight staff members have tested positive for COVID-19.

*COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated Sept. 14, 2020). Under such circumstances, Minaya's health conditions are not "extraordinary and compelling" reasons for a sentence reduction. See United States v. Brady, No. 18 CR 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (acknowledging serious nature of medical conditions but denying compassionate release where conditions were stable and managed in BOP facility).

Nor is the Court persuaded to grant compassionate release based on Minaya's assertion that he has "served sufficient time to satisfy the purposes of sentencing," "he has been sufficiently punished and deterred," and "has accepted responsibility for his actions and rehabilitated himself during the decades of incarceration served." (See Dkt. 386 at 7.) The Court declines to address these arguments to the extent they implicate the sentencing factors, including punishment and deterrence, because these questions are properly reserved for a separate stage of the compassionate release analysis.[2] See § 3582(c)(1)(A) (the court shall consider the sentencing factors set forth in Section 3553(a) "if" it finds "extraordinary and compelling reasons warrant" a

---

[2] The Policy Statement notes that the length of time a defendant has served might create "extraordinary and compelling" reasons for release in one limited circumstance, inapplicable to Minaya's case -- when a defendant (i) who is "at least 65 years old," (ii) is "experiencing a serious deterioration in physical or mental health," *and* (iii) has served at least 10 years or 75 percent of his sentence. See U.S.S.G. § 1B1.13, cmt. n.1(B).

5

sentence reduction). And, while Minaya asserts that his rehabilitation warrants compassionate release, the Sentencing Commission has expressly instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). While the Court recognizes his admirable and extensive efforts towards education and personal betterment, the Court does not find that Minaya's rehabilitative efforts here, in combination with the other circumstances he cites, meet the "extraordinary and compelling" standard. See, e.g., United States v. Saleh, No. 93 CR 181, 2020 WL 3839626, at *3-4 (S.D.N.Y. July 8, 2020) (recognizing defendant's commendable institutional record, but denying compassionate release motion because rehabilitation, medical conditions, defendant's age, and changes in the law were not "extraordinary and compelling" circumstances warranting release).

Minaya also argues that "changes in the law" create "extraordinary and compelling" reasons for his release. (Dkt. 386 at 8.) But the Court is unpersuaded that as a general matter, "changes in the law" can satisfy the "extraordinary and compelling" standard. Courts in this district and others have held that it would be "improper" to allow defendants to use Section 3582 as a "vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition." United States v. Lisi, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020), reconsideration

denied, No. 15 CR. 457, 2020 WL 1331955 (S.D.N.Y. Mar. 23, 2020) (citing United States v. Rivernider, No. 10 CR 222, 2020 WL 597393, at *4 (D. Conn. Feb. 7, 2020) ("To my knowledge, nobody has suggested that the 'extraordinary and compelling' standard can be satisfied by claims of legal error or other alleged wrongs that are cognizable on direct appeal from a conviction or by means of a habeas corpus petition.")); see also United States v. Alvarez, No. 89 CR 0229, 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020) ("[A]pplications for compassionate relief are not vehicles for collaterally attacking the merits of a defendant's sentence.").[3]

Likewise, Minaya's request for relief under 18 U.S.C. § 3582(c)(2) also fails. (See Dkt. 386 at 1.) Section 3582(c)(2) grants the court authority to reduce a sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Here, Minaya does not assert that any of the applicable sentencing guidelines have been lowered. The only subsequent change Minaya cites is the constitutional invalidation of the "residual clause" of § 924(c) under Davis, 139 S. Ct. 2319. To the extent Minaya seeks relief on that basis, a compassionate release motion is an improper vehicle

---

[3] The Court reserves judgment on whether the change Minaya cites -- the constitutional invalidation of 18 U.S.C. § 924(c)'s "residual clause" under United States v. Davis, 139 S. Ct. 2319 (2019) -- would be of legal consequence for any of his convictions pending its decision on his Section 2255 motion. (See Dkt. 383).

7

for obtaining such relief. See United States v. Darco, 377 F. App'x 61, 64 (2d Cir. 2010) (explaining that defendant's motion for sentence reduction under § 3582(c)(2) "does not implicate any sentencing range that has subsequently been lowered," and because defendant challenged the legality of the sentence, "the proper vehicle for such a challenge would be a motion pursuant to 28 U.S.C. § 2255"). The Court will address whether Davis has any impact on Minaya's sentence in its decision on his pending Section 2255 motion and reserves judgment here. See supra note 3.

For the foregoing reasons, it is hereby **ORDERED** that Minaya's motion for compassionate release is DENIED.

**SO ORDERED.**

Dated: New York, New York
       14 September 2020

                                        _____
                                        Victor Marrero
                                        U.S.D.J.