**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/22/26

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

- against -

FRANKLIN MINAYA,

Defendant/Movant.

**01 Crim. 619 (VM)**
**16 Civ. 3513 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

This Court previously denied the Petition of Defendant/Movant Franklin Minaya ("Minaya") for a writ of habeas corpus. (See Dkt. No. 475 (Decision and Order dated April 16, 2025 ("Decision and Order")).) Minaya has filed a *pro se* motion for relief from a final judgment under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). (See Dkt. No. 486 (the "Motion" or "Mot.").) The Government opposes the Motion. (See Dkt. No. 512 ("Opp.").) For the reasons that follow, the Motion is **DENIED**.

## I. BACKGROUND

The Court assumes the parties' familiarity with the factual background and lengthy procedural developments in this case and addresses only briefly the relevant background below.

On October 10, 2006, Minaya was convicted after a jury trial for his involvement in a criminal organization responsible for multiple murders, robberies, and narcotics trafficking. (See Dkt. No. 176.) Minaya was sentenced to a term of life imprisonment for his racketeering conviction under 18 U.S.C. § 1962(c) and a second life term for an additional murder conviction under 18 U.S.C. § 924(j)(1) ("Section 924(j)"). (See Dkt. No. 209 (Judgment dated October 26, 2007).) He received a concurrent 10-year sentence for a narcotics conspiracy conviction, and concurrent 20-year sentences for various attempted and completed Hobbs Act robberies, a racketeering conspiracy, and a murder in connection with his narcotics-conspiracy conviction. (See id.) On top of his life sentences, Minaya was sentenced to consecutive terms of 130 years' imprisonment for his several convictions for multiple violations of 18 U.S.C. § 924(c) ("Section 924(c)"). (See id.)

On April 1, 2009, the Second Circuit affirmed Minaya's conviction, but vacated the five-year consecutive sentence imposed on his first common 924(c) conviction (Count 10). United States v. Minaya, 321 F. App'x 37, 42-43 (2d Cir. 2009) (summary order). Over the following years, Minaya filed four

habeas petitions, under 28 U.S.C. § 2255 ("Section 2255"), all of which this Court denied. (See Dkt. Nos. 270, 287, 311, 316- (denying Minaya's first four Section 2255 petitions).)

In May 2016, Minaya filed a fifth habeas petition challenging his Section 924(c) convictions. (See Dkt. No. 318 ("Petition").) This Court initially denied the petition on the merits (see Dkt. No. 320), and Minaya sought authorization to file a successive petition in the Second Circuit. In 2019, while Minaya's application was pending before the Second Circuit, the Supreme Court decided United States v. Davis, 588 U.S. 445 (2019). Davis held that the residual clause in Section 924(c)(3)(B) is unconstitutionally vague. Id. at 470. Accordingly, the Second Circuit granted Minaya's motion for leave to file a successive Section 2255 motion. (See Dkt. No. 391.)

This Court subsequently stayed Minaya's habeas proceedings pending the resolution of numerous cases then pending before the Second Circuit and the Supreme Court addressing various aspects of Sections 924(c) and (j). (See Decision and Order at 5-7.)

After further developments in the law, the Government and Minaya both initially agreed that Minaya's Section 924(c)

convictions predicated on attempted Hobbs Act robbery and Minaya's conviction under Section 924(j) should be vacated. (See Dkt. No. 448 at 2.) Minaya filed a supplemental brief in support of his Petition, arguing that he was entitled to a resentencing hearing. (See Dkt. No. 451.)

However, on November 12, 2024, the Government filed an opposition reversing its initial position that Minaya's convictions under Sections 924(c) and (j) should be vacated. (See Dkt. No. 469.) The Government now contended that Minaya's motion was an impermissible successive Section 2255 petition. (See id. at 1-2.) The Government also argued that in the alternative, the Court should decline to review the collateral challenges under the concurrent sentence doctrine because a favorable decision on the merits of Minaya's Petition would not affect his underlying life sentences. (See id. at 8.)

In light of the Government's change in position, the Court granted Minaya leave to file a sur-reply. (See Dkt. No. 470.) Minaya, through counsel, filed a sur-reply addressing the Government's change in position. (See Dkt. No. 471.)

On April 16, 2025, this Court denied Minaya's petition. (See Decision and Order.) This Court discussed the case's

lengthy procedural posture, the relevant changes in the law, the Government's change in position, and Minaya's arguments. (See id.) The Court denied Minaya's petition under the concurrent sentence doctrine because a favorable decision on the merits would have no impact on Minaya's life sentences. (See id. at 17-20.)

Minaya filed a *pro se* motion, styled as a "Motion for Relief from a Final Judgment" under Rule 60(b), on April 13, 2026. (See Mot. at 1.) The Government filed its opposition on May 11, 2026, arguing that Minaya's Motion should be denied because it largely falls outside the scope of Rule 60(b) and otherwise lacks merit. (See Opp. at 2-5.) This Court now **DENIES** Minaya's Motion.

## II. LEGAL STANDARDS

Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding" for certain enumerated reasons as well as for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). As applied to habeas proceedings, "Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." Harris v. United States, 367

F.3d 74, 77 (2d Cir. 2004). That doctrine obtains because "'Rule 60(b) does not provide a party with the opportunity to relitigate the merits of a case in an attempt to win a point already carefully analyzed and justifiably disposed.'" Parker v. United States, No. 20-CR-00224-2, 2026 WL 1067186, at *1 (S.D.N.Y. Apr. 20, 2026) (quoting Esposito v. New York, No. 07-CV-11612, 2012 WL 5499882, at *2 (S.D.N.Y. Nov. 13, 2012)).

The Second Circuit has "explained that 'a Rule 60(b) motion that attacks the underlying conviction,'" rather than the integrity of the habeas proceedings, "'presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case [the action] should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b).'" United States v. Polanco, 2025 WL 1276131, at *2 (2d Cir. May 2, 2025) (summary order) (quoting Harris, 367 F.3d at 82).

Motions submitted by *pro se* litigants like Minaya are to be construed liberally, "reading such submissions to raise the strongest arguments they suggest." McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017) (citation

omitted). Nonetheless, "[t]he heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel." Parker, 2026 WL 1067186, at *2 (quoting Esposito, 2012 WL 5499882, at *2).

## III. DISCUSSION

Minaya challenges this Court's Decision and Order on several grounds. The Court addresses these arguments in turn, construing his Motion liberally to "raise the strongest arguments they suggest," as this Court must. McLeod, 864 F.3d at 156.

### A. Attacks on the Integrity of the Habeas Proceedings

Minaya advances several arguments that, read in their strongest light, are proper under Rule 60(b) because they "attack[] the integrity of the previous habeas proceeding rather than the underlying criminal conviction," Harris, 367 F.3d at 77. Specifically, Minaya argues that the Court's Decision and Order was the result of several mistakes of law under Rule 60(b)(1). See Fed. R. Civ. P. 60(b)(1) (relief available where order is based on, among other things, a "mistake"). Minaya is correct that a mistake of law is the

type of action a Court can address via Rule 60(b)(1). (See Mot. at 4 (citing Kemp v. United States, 596 U.S. 528 (2022).)[1]

1. Application of the Concurrent Sentence Doctrine

First, Minaya argues that the Court erred by applying the concurrent sentence doctrine. (See Mot. at 3; Decision and Order at 17.) Minaya's argument that the Court erred in applying the concurrent sentence doctrine to resolve his habeas petition is arguably "'an attack on the integrity of the Section 2255 proceedings as required under Rule 60(b)'" Parker, 2026 WL 1067186, at *2 (quoting Rodriguez v. United States, 164 F. Supp. 3d 561, 567 (S.D.N.Y. 2016)), so the Court will consider the argument on its merits.

Even construing this argument liberally, the Court finds no mistake of law. The Court held that the concurrent sentence doctrine applied to Minaya's habeas petition because "a favorable decision on [Minaya's] claims" would have had "no

[1] Minaya cites Kemp for the proposition that, because the Court supposedly made a mistake of law, the judgment is void under Rule 60(b)(4). (See Mot. at 4.) But "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). The Court, in construing Minaya's arguments in their strongest form, see McLeod, 864 F.3d at 156, finds that Minaya is not arguing jurisdictional error or a violation of due process, so his argument is better cast as claiming a mistake of law under Rule 60(b)(1).

impact on [his] life sentences[.]" (Decision and Order at 17-18.) Minaya has failed to identify any reason why that result constituted a mistake of law. "The heavy burden for securing relief from final judgments applies to pro se litigants," like Minaya, and by failing to identify any mistake of law by the Court in applying the concurrent sentence doctrine, Minaya has failed to meet that burden. Parker, 2026 WL 1067186, at *2 (citation and quotation marks omitted).

2. Failure to Apply Judicial Estoppel

Minaya also argues that he is entitled to relief under Rule 60(b)(1) because "the government changed course" as to its position on vacating Minaya's Section 924(c) and Section 924(j) convictions "and the Court relied on the government's new position to deny relief." (Mot. at 3.)[2]

Minaya essentially argues that it was unfair for the government to have changed its position and the Court having allowed it to do so. Construed liberally, this is best cast as an argument that the Court made a mistake of law by failing

[2] While Minaya characterizes this claim as justifying relief based on "surprise," (id.), the Court granted him leave to file a sur-reply in response to the Government's change in position, (see Dkt. No. 470). Minaya cannot claim surprise justifying relief where he had "ample notice . . . to comply with [the Court's] order[]" and did so. Toriola v. FJC Sec. Servs. Inc., No. 13-CV-5142, 2017 WL 819483, at *4 (E.D.N.Y. Mar. 1, 2017) (denying *pro se* motion under Rule 60(b)(1) claiming surprise).

to judicially estop the Government from changing its position during the habeas proceedings.

Judicial estoppel allows a court, "'at its discretion,' . . . to 'protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" United States v. Apple, Inc., 791 F.3d 290, 337 (2d Cir. 2015) (quoting New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)). A court must balance three considerations in determining whether to apply judicial estoppel to prevent a party from taking an inconsistent position: "(1) whether the party's argument or position is clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to accept that earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." All Am. Tel. Co., Inc. v. AT & T Corp., 328 F. Supp. 3d 342, 360 (S.D.N.Y. 2018) (citation and quotation marks omitted).

While the Government concededly changed its position, (see Dkt. No. 469 at 1), the other considerations demonstrate that the Court did not make a mistake of law in declining to

apply judicial estoppel. The Government did not "succeed[] in persuading a court to accept [its] earlier position," All Am. Tel. Co., Inc., 328 F. Supp. 3d at 360; indeed, Minaya argues that the Court "relied on the government's new position," rather than its earlier position, "to deny relief." (Mot. at 3.) Further, the Government did not "derive an unfair advantage or impose an unfair detriment on" Minaya by being allowed to change its position, All Am. Tel. Co., Inc., 328 F. Supp. 3d at 360, because this Court granted Minaya leave to file a sur-reply "[i]n light of the Government's change in position." (Dkt. No. 470.); see, e.g., Pellegrino v. Procter & Gamble Co., No. 23-CV-10631, 2025 WL 240762, at *4 n.3 ("'[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.'" (quoting Bravia Cap. Partners, Inc. v. Fike, 296 F.R.D. 136, 144 (S.D.N.Y. 2013))).

The Court concludes that it did not make a mistake of law justifying relief under Rule 60(b)(1) by failing to judicially estop the Government from changing its position.

B. Attacks on Minaya's Underlying Conviction

Minaya's remaining arguments fall outside the scope of Rule 60(b) because they fundamentally seek to attack his

underlying conviction, rather than the integrity of the habeas proceedings. See Parker, 2026 WL 1067186, at *2. The Court addresses each in turn.

1. Mistakes of Law

Minaya makes two additional arguments couched as purported mistakes of law, both of which fall outside the scope of Rule 60(b). First, Minaya points to the Supreme Court's decision in Barrett v. United States, 607 U.S. 128 (2026) as rendering the Court's Decision and Order "more prejudicial[.]" (Mot. at 3.) Barrett held that a defendant cannot be convicted under both 18 U.S.C. §§ 924(c)(1)(A)(i) and (j) for a single act. See Barrett, 607 U.S. at 149. Minaya argues that applying the concurrent sentence doctrine was a mistake of law in light of Barrett, because Barrett undermines his Section 924(c) convictions. (See Mot. at 3.)

Minaya's Barrett argument falls outside the scope of Rule 60(b) because he merely argues "that he would have been entitled to relief if the Court had considered the arguments in his habeas petition." Parker, 2026 WL 1067186, at *1. That is "'fundamentally a challenge to [Petitioner's] underlying conviction and sentence, rather than an attack on the integrity of the Section 2255 proceedings as required under

Rule 60(b).'" Id. at *2 (quoting Rodriguez v. United States, 164 F. Supp. 3d 561, 567 (S.D.N.Y. 2016)). The Court elects to "deny [this] portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." Harris, 367 F.3d at 82.

Second, Minaya argues that it was a mistake of law for this Court to fail to amend the judgment, even if there was no need to hold a *de novo* sentencing. (See Mot. at 4.)[3] Minaya clearly aims at the underlying conviction itself when he asks the Court to amend the judgment, which is "fundamentally a challenge to [the defendant's] underlying conviction and sentence, rather than an attack on the integrity of the Section 2255 proceedings as required under Rule 60(b)." Rodriguez, 164 F. Supp. 3d at 567. As with Minaya's first argument, the Court chooses to "deny [this] portion of the

[3] Minaya couches this argument under Rule 60(b)(6). (See id.) That provision is only available for "extraordinary circumstances," which "rarely occur in the habeas context." See Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). "To establish such circumstances, 'a habeas petitioner must show that his lawyer abandoned the case and prevented the client from being heard.'" United States v. Williams, No. 12-CR-944, 2026 WL 1179441, at *9 (S.D.N.Y. Apr. 30, 2026) (quoting Harris, 367 F.3d at 77)). The Court finds no such facts present here, so the Court will construe this argument in its strongest form – namely, that the Court made a mistake of law.

motion attacking the underlying conviction as beyond the scope of Rule 60(b)." Harris, 367 F.3d at 82.

2. Surprise

Minaya next argues that "[t]he government's change of position did not allow sufficient time for [him] to respond before the [C]ourt issued its opinion[.]" (Mot. at 4.)[4] Construed in its strongest form, Minaya argues he is entitled to habeas relief because the government's change in position "surprise[d]" him in a manner that disrupted the integrity of the habeas proceedings. See Rule 60(b)(1) (allowing relief for, among other things, "surprise"); Griffin v. Burge, No. 08-CV-934, 2014 WL 3893747, at *2 (N.D.N.Y. Aug. 7, 2014) (characterizing argument that "the speed with which this Court decided the case . . . surprised him" as claiming surprise under Rule 60(b)(1) rather than an argument under Rule 60(b)(6)).

Minaya's argument fails. As noted above, the Court recognized the Government's change in position and issued an order granting Minaya leave for a period of fourteen days to

[4] Minaya also couches this argument under Rule 60(b)(6). (See id.) As noted above, the Court finds no such facts present here, so the Court will construe this argument in its strongest form.

file a sur-reply to address it, (see Dkt. No. 470); and Minaya filed a sur-reply within two days of the Court's order to address these issues, (see Dkt. No. 471). Minaya cannot claim surprise justifying relief where he had "ample notice . . . to comply with [the Court's] order[]" and did so. Toriola, 2017 WL 819483, at *4 (E.D.N.Y. Mar. 1, 2017).

3. Reversal of Earlier Judgment or Inequitable Prospective Application

Finally, Minaya argues that his judgment of conviction must be vacated because the Supreme Court reversed the Second Circuit's precedent in deciding Barrett. (See Mot. at 4.) To be sure, Rule 60(b) provides that "a court may relieve a party . . . from a final judgment, order or proceeding" if "it is based on an earlier judgment that has been reversed or vacated[.]" Rule 60(b)(5). Assuming for the sake of argument that Minaya's conviction rested on precedent that Barrett overruled, Minaya's argument is still aimed squarely at his judgment of conviction, rather than the integrity of the habeas proceedings. That contention is beyond the scope of what Rule 60(b) offers in the habeas context, so the Court denies this portion of Minaya's motion. See Harris, 367 F.3d at 82.

## IV. CERTIFICATE OF APPEALABILITY

The Court further declines to issue a Certificate of Appealability because Minaya cannot show "that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." Kellog v. Strack, 269 F.3d 100, 104 (2d Cir. 2001).

## V. ORDER

For the reasons stated above it is hereby

**ORDERED** that the motion of Defendant/Movant Franklin Minaya ("Minaya") for Relief from a Final Judgment under Federal Rule of Civil Procedure 60(b) (see Dkt. No. 486) is **DENIED.**

The Court further declines to issue a certificate of appealability.

The Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Franklin Minaya, Register Number 52447-054, FCI Otisville, Federal Correction Institution, P.O. Box 1000, NY 10963, and note service on each docket.

**SO ORDERED.**

Dated: 22 September 2026
New York, New York

Victor Marrero
U.S.D.J.